UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-30157-MAP

Bankruptcy Case No. 02-47249-HJB

IN RE: PETER CACI AND DENISE CACI,
Debtors

*******************************************

PETER CACI AND DENISE CACI,

Appellant
v.

RICHARD KING, ASSISTANT UNITED STATES TRUSTEE; AND
DENISE M. PAPPALARDO, CHAPTER 13 TRUSTEE

Appellee

****************************************************************************

BRIEF OF APPELLEE, DENISE PAPPALARDO, CHAPTER 13 TRUSTEE

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

I.  STATEMENT OF ISSUE PRESENTED................................................................1

II. STANDARD OF REVIEW......................................................................................1

III. STATEMENT OF THE CASE AND FACTS........................................................1

IV. ARGUMENT ............................................................................................................4

# TABLE OF AUTHORITIES

STATUTES:

11 U.S.C. §330..................................................................................................................2


FEDERAL RULES OF BANKRUPTCY PROCEDURE

Fed. Rules Bankr. Pro. 8002..........................................................................................4-6
Fed. Rules Bankr. Pro. 8013...........................................................................................1

MASSACHUSETTS LOCAL BANKRUPTCY RULES

Mass. Local Bank. Rules13-7 (b)....................................................................................2


CASES:

*In re Collida*, 270 B.R. 209 (Bankr.S.D.Tex 2001)..........................................................6

*Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384 (1990)....................................................1

*Edmonston v. Murphy (In re Edmonston)*, 107 F.3d 74 (1st Cir.1997).............................1

*In re Ortiz*, 200 B.R. 485 (D. Puerto Rico1996).............................................................1

*Pioneer Inv. Servs.Co v. Brunswick Assocs. Ltd. P'Ship* 507 U.S. 380 (1993)................5

*In re Williams*, 224 B.R. 523 (B.A.P. 2nd Cir. 1998).......................................................1

## I. STATEMENT OF ISSUE

Whether the bankruptcy court's order of July 8, 2004 denying the late filing of an appeal was an abuse of discretion given that the late filing was not caused by excusable neglect.

## II. STANDARD OF REVIEW

Whereas, the lower court's decision is reviewed for abuse of discretion, the appellate court reviews the facts underlying the decision under a "clearly erroneous" standard. Fed. Rules Bankr. Pro. 8013. *See also, In re Ortiz*, 200 B.R. 485, 489, (D. Puerto Rico 1996). A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of law or clearly erroneous factual findings. *Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384 (1990). To determine that the Bankruptcy Court abused its discretion, this Court must find that the lower court "committed a clear error of judgment in the conclusion it reached based on all the appropriate factors." *In re Williams*, 224 B.R. 523, 529 (B.A.P. 2nd Cir. 1998). The clearly erroneous standard requires the Court to give great deference to the bankruptcy court. *Ortiz*, at 489. Legal conclusions are reviewed *de novo*. *Edmonston v. Murphy (In re Edmonston)*, 107 F.3d 74, 75(1st Cir. 1997).

## III. STATEMENT OF THE CASE AND FACTS

On December 3, 2002, Peter Caci and Denise Caci (the "Debtor") filed a bankruptcy petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Code").[1] The Debtor was represented by Attorney Francis Lafayette.

On or about July 11, 2003, the bankruptcy court ordered Attorney Lafayette to file a fee

---

[1] Trustee's Appendix, No. 1, Docket No. 1.

1

application[2] by August 11, 2003[3] due in part that Attorney Lafayette failed to disclose to the debtors that an expert retained by Attorney Lafayette was not in fact qualified, failed to advise the debtors that Attorney Lafayette represented the expert in his own Chapter 13 bankruptcy, undertook to represent both the expert and the debtors in a contest regarding fees, and failed to timely file a motion to sell real estate.[4] On or about June 24, 2003, the bankruptcy court also issued a case management order (the "Case Management Order")[5] in several cases ordering Attorney Lafayette to show cause (1) why he should not file fee applications in all pending cases in which he serves as counsel to the debtor in which fees are unpaid and (2) why, until further order of the court, he should not be required to deposit fees received from Chapter 13 or 7 debtors in the District of Massachusetts in his client trust account and not disburse the funds until approval of his fees.[6] In issuing the Case Management Order, the bankruptcy court took judicial notice that a pattern had arisen whereby Attorney Lafayette failed to adequately represent his

---

[2] Trustee's Appendix No. 2.

[3] On August 15, 2003, seven days after the deadline, Attorney Lafayette filed the fee application (the "Fee Application"). Trustee's Appendix No. 1, Docket No. 55.

[4] Trustee's Appendix No. 3, p. 39.

[5] Trustee's Appendix, No. 3.

[6] The court may allow reasonable compensation to counsel for a debtor based on the benefit and necessity of such services 11 U.S.C. § 330(a)(4)(B). "Unless otherwise ordered by the court, if debtor's counsel's total compensation prior to confirmation of a plan is $2,500.00 or less ...[or]...compensation for post confirmation services [is] in an amount not exceeding $500...the filing of an itemized fee application shall be excused." MLBR 13-7(b).

clients.[7]

On July 22, 2003, an evidentiary hearing was conducted on the Case Management Order and on September 12, 2003, an evidentiary hearing was held regarding the Fee Application. Attorney Lafayette presented evidence that the lapses in his representation were due to computer software problems, his chronic illnesses and his staff's temporary illnesses.[8] With respect to the evidence presented by Attorney Lafayette

> The Court finds it hard to believe, and does not believe, that most (if any) of the various errors described in each of the above referenced cases are the result of the various excuses proffered by Attorney Lafayette. But even if the excuses are true, they are not sufficient to overlook the sloppy, careless and unprofessional actions taken by Attorney Lafayette in each of the referenced cases. Clients come to attorneys for a service. Where the service is not provided, or provided poorly, they should not be required to pay for the service, regardless of the validity of the excuse offered.[9]

---

[7] The Case Management Order was issued in the following cases: *In re Marta Oyola*, Case No. 02-45398-HJB-Attorney Lafayette filed a Schedule "C"and an Amended Schedule "C" in which he claimed an exemption in assets in excess of that permitted; *In re Hector Rolon* Case No. 02-45994-HJB-Attorney Lafayette filed a Chapter 7 case for the debtor even though he had recently received a Chapter 7 discharge and could not obtain another Chapter 7 discharge, he filed inaccurate schedules, and filed schedules late; *In re Stefan Davis*, Case No. 03-40199-HJB- there were errors in the bankruptcy schedules and plan; *In re Mark Bennett and Angela Bennett*, Case No. 03-40074-HJB-there were errors in the bankruptcy schedules and plan; and *In re Joseph LaFrance*, Case No. 02-42450-HJB-there were inaccuracies regarding time entries on Attorney Lafayette's fee application. The bankruptcy court also ordered Attorney Lafayette to file a fee application in the case of *In re Kathleen Daigneault*, Case No. 02-46689-HJB whereby Attorney Lafayette failed to amend an unconfirmable Chapter 13 plan and missed two deadlines in the case. Trustee's Appendix No. 3, pp. 38-40.

[8] Trustee's Appendix No. 3, p. 40.

[9] Trustee's Appendix, No. 3, p. 41.

On June 10, 2004, the Court ordered, in part, that Attorney Lafayette disgorge fees,[10] file fee applications in those cases in which there is unpaid compensation, and file fee applications in all future bankruptcy cases (the "June 10, 2004 Order").[11]

On June 24, 2004, Attorney Lafayette filed a Notice of Appeal of the June 10, 2004 Order (the "First Notice of Appeal").[12] On June 29, 2004, the bankruptcy court dismissed the appeal as it was not timely filed pursuant to the Federal Rules of Bankruptcy Procedure 8002(a) (the "Dismissal Order").[13] On June 30, 2004, Attorney Lafayette filed a motion for reconsideration of the Dismissal Order (the "Reconsideration Motion").[14] Attorney Lafayette alleged that the First Notice of Appeal was not timely filed due in part to newly diagnosed illnesses. On July 8, 2004, the bankruptcy court denied the Reconsideration Motion (the "Reconsideration Order").[15] On July 19, 2004, Attorney Lafayette filed a Notice of Appeal of the Reconsideration Order (the "Second Notice of Appeal") which is the subject of the present appeal.[16]

## IV. ARGUMENT

Whether the bankruptcy court's order of July 8, 2004 denying the late filing of an appeal was an abuse of discretion given that the late filing was not caused by excusable neglect.

---

[10]Trustee's Appendix, No. 4. The order to disgorge was also issued in *Daigneault, Oyola, Rolon, Davis* and *LaFrance.* Trustee's Appendix, No. 3, p. 44.

[11]Trustee's Appendix, No. 3, pp. 43-44.

[12]Trustee's Appendix, No. 1, Docket No. 85.

[13]Trustee's Appendix, No. 5.

[14]Trustee's Appendix, No. 1, Docket No. 94.

[15]Trustee's Appendix, No. 6.

[16]Trustee's Appendix, No. 1, Docket No. 101.

4

A notice of appeal must be filed within 10 days of the date of the entry of the judgment, order, or decree. Fed. R. Bankr. P. 8002(a). A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of *excusable neglect [emph. added]*.Fed. R. Bankr. P. 8002( c)(2).

Determination of whether neglect is excusable is an equitable one taking into account all relevant circumstances surrounding the parties omission. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396 (1993). "These include...the danger of prejudice to the debtor, the length of the delay and its potential impact of judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

There is no dispute the First Notice of Appeal was not timely filed. Nevertheless, Attorney Lafayette attempts to explain his actions, or lack thereof, on his alleged medical infirmities which he contends rise to the level of excusable neglect. As the bankruptcy court noted, during the period of June 10, 2004 through June 21, 2004 in which the filing of the appeal would have been timely, Attorney Lafayette appeared before the bankruptcy court on five (5) separate hearings and electronically filed eighty three (83) pleadings including five (5) new bankruptcy cases.[17] Attorney Lafayette vigorously engaged in the practice of law, yet overlooked the filing of the First Notice of Appeal. In addition, although the alleged ailments

---

[17]Trustee Appendix, No. 7.

5

may be newly diagnosed, his tactic of using his infirmities as a defense to failing to comply with deadlines is not.[18] Failure to meet deadlines, failure to seek extensions of deadlines, failure to amend schedules, and a purely reactive posture are evidence of the lack of effective, efficient, and professional representation." *In re Collida*, 270 B.R. 209, 214 (Bankr. S.D. Tex. 2001).

In conclusion, there is no dispute that the First Notice of Appeal was not timely filed. In an attempt to circumvent the time restriction set forth under Fed. R. Bankr. Pro. 8002(a), Attorney Lafayette relies upon Fed. R. Bankr. Pro. 8002(c)(2). He contends the late filing is a result of excusable neglect due to his alleged medical infirmities. Attorney Lafayette cannot escape the fact that ten days following the entry of the Dismissal Order he actively engaged in the practice of law before the bankruptcy court. In addition, he has repeatedly used the "ailment defense" in justifying the late filing of documents. Thus, the bankruptcy court did not abuse its discretion in denying the Reconsideration Motion. Thus, the ruling of the bankruptcy court should be affirmed.

Dated: 9/29/04

Respectfully submitted,
Standing Chapter 13 Trustee

Denise M. Pappalardo, Trustee
BBO # 553293
Joanne Psilos, Staff Attorney
BBO # 556997
P.O. Box 16607
Worcester, MA 01601
(508) 791-3300

---

[18]Trustee's Appendix, No. 3.

6

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing to the following parties by first class mail, postage prepaid.
Dated: 9/29/04

_____
Denise M. Pappalardo
Joanne Psilos

## SERVICE LIST

Francis J. Lafayette, J.D.
P.O. Box 1020
Palmer, MA 01069

Richard King
Asst. United States Trustee
446 Main Street
Worcester, MA 01608

Peter Caci
Denise Caci
21028 Baffin Avenue
Port Charlotte, FL 33954

# TABLE OF CONTENTS FOR APPELLEE'S APPENDIX

1. Docket Entries

2. Order dated July 11, 2003

3. Memorandum of Decision dated June 10, 2004

4. Order dated June 10, 2004

5. Dismissal Order dated June 29, 2004

6. Order Denying Motion for Reconsideration Dated July 8, 2004

7. Memorandum of Decision dated July 8, 2004

CONVERTED, DISCHARGED, APPEAL

# United States Bankruptcy Court
### District of Massachusetts (Worcester)
### Bankruptcy Petition #: 02-47249

*Assigned to:* Judge Henry J. Boroff
Chapter 7
Previous chapter 13
Voluntary
Asset

*Date Filed:* 12/03/2002
*Date Discharged:*
02/23/2004

**Peter Caci**
13 Howard St (L) side
Brookfield, MA 01506
508-867-4919
SSN: xxx-xx-9977
*Debtor*

represented by **Francis Lafayette**
PO Box 1020
Palmer, MA 01069
(413) 283-7785
Email: francislafayettejd@onebox.com

**Denise Caci**
13 Howard St (L) side
Brookfield, MA 01506
508-867-4919
SSN: xxx-xx-6501
*Debtor*

represented by **Francis Lafayette**
(See above for address)

**Richard King**
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
*Assistant U.S. Trustee*

**Steven Weiss**
1441 Main Street
Springfield, MA 01103
*Trustee*

| Filing Date | # | Docket Text |
|---|---|---|
| 12/03/2002 | 1 | Voluntary Chapter 13 Petition ( Filing Fee $ 185.00 Rcpt # 505870) missing documents: All Schedules a-j Statement of Financial Affairs Disclosure of Aty Compensation Due on 4:30 12/18/02 Chapter 13 Plan due on 4:30 12/18/02 ;Proof of Claim (gov. units only) Deadline: 4:30 6/2/03 (mjl) (Entered: 12/04/2002) |
| 12/03/2002 |  | Matrix. (mjl) (Entered: 12/04/2002) |
|  |  |  |

| 12/03/2002 | 2 | Order to Update Petition. Incomplete Filing; missing documents: All Schedules a-j Statement of Financial Affairs Disclosure of Aty Compensation Chapter 13 Plan ; Missing Documents Due 4:30 12/18/02 (mjl) (Entered: 12/04/2002) |
|---|---|---|
| 12/09/2002 | 3 | Disclosure of Compensation filed by Attorney Francis Lafayette for the Debtor in the amount of $ 3,000.00. (yms) (Entered: 12/10/2002) |
| 12/09/2002 | 4 | Statement of Intent. (yms) (Entered: 12/10/2002) |
| 12/09/2002 | 5 | Statement of Financial Affairs. (yms) (Entered: 12/10/2002) |
| 12/09/2002 | 6 | Schedules a-j (yms) (Entered: 12/10/2002) |
| 12/09/2002 | 7 | Chapter 13 Plan with Certificate of Service. (yms) (Entered: 12/10/2002) |
| 12/09/2002 | 8 | Debtors' Motion To Extend Plan Payment Period . c/s (yms) (Entered: 12/10/2002) |
| 12/11/2002 |   | First Meeting of Creditors and Confirmation Hearing Set For 2:00 pm on 1/15/03 At Banknorth Center, Rm 515 ;Proofs of Claim due 4:30 pm on 4/15/03. Notice to be mailed within two weeks. (pf) (Entered: 12/11/2002) |
| 12/16/2002 | 9 | Court's Notice of the First Meeting being sent to the Bankruptcy Noticing Center. (auto) (Entered: 12/16/2002) |
| 12/16/2002 | 13 | Notice of Appearance And Request For Service Of Notice By Creditor Arcadia Financial Ltd. (lc) (Entered: 01/08/2003) |
| 12/19/2002 | 10 | First Meeting Certificate of Mailing. (auto) (Entered: 12/19/2002) |
| 12/20/2002 | 11 | ENDORSEMENT ORDER: Regarding [8-1] Debtors' Motion To Extend Plan Payment Period . ALLOWED. (yms) (Entered: 12/20/2002) |
| 12/23/2002 | 12 | Imaged Certificate of Mailing. (auto) (Entered: 12/23/2002) |
| 01/15/2003 |   | First Meeting Held and Examination of Debtor. (pf) (Entered: 01/17/2003) |
| 01/23/2003 | 14 | Notice of Appearance And Request For Service Of Notice By Richard T. Mulligan for Creditor Chase Manhattan Mortgage Corp.. c/s (yms) (Entered: 01/23/2003) |

| 02/13/2003 | 15 | Ch.13 Trustee's Motion To Extend Time To File Objection to Confirmation of Debtors' ch.13 Plan and Exemptions . c/s (yms) (Entered: 02/14/2003) |
| --- | --- | --- |
| 02/13/2003 | 16 | Ch.13 Trustee's Motion To Dismiss Case . c/s (yms) (Entered: 02/14/2003) |
| 02/14/2003 | 17 | ENDORSEMENT ORDER: Regarding [15-1] Ch.13 Trustee's Motion To Extend Time To File Objection to Confirmation of Debtors' ch.13 Plan and Exemptions . THE DEADLINE IS PROVISIONALLY EXTENDED TO 4/11/03. THE MOTION WILL BE GRANTED WITHOUT FURTHER COURT ORDER IF NO OBJECTIONS ARE FILED WITHIN 10 DAYS OF THIS ORDER. (yms) (Entered: 02/19/2003) |
| 02/19/2003 | 18 | Ch.13 Trustee's Motion To Withdraw [16-1] Motion To Dismiss Case . c/s (yms) (Entered: 02/19/2003) |
| 02/19/2003 | 19 | Debtors' Objection To [16-1] Ch.13 Trustee's Motion To Dismiss Case . c/s (yms) (Entered: 02/19/2003) |
| 02/20/2003 | 20 | ENDORSEMENT ORDER: Regarding [18-1] Ch.13 Trustee's Motion To Withdraw [16-1] Motion To Dismiss Case . ALLOWED. (yms) (Entered: 02/21/2003) |
| 04/08/2003 | 21 | Motion By Ch.13 Trustee Denise M. Pappalardo To Dismiss Case . c/s (yms) (Entered: 04/09/2003) |
| 04/08/2003 | 22 | Objection By Ch.13 Trustee Denise M. Pappalardo To Confirmation Of [7-1] Debtors' Chapter 13 Plan. c/s (yms) (Entered: 04/09/2003) |
| 04/14/2003 | 23 | Objection by Debtors Denise Caci and Peter Caci Re: 21 Motion to Dismiss Case filed by Trustee Denise M. Pappalardo. c/s (yms) (Entered: 04/15/2003) |
| 04/14/2003 | 24 | Objection by Debtors Denise Caci and Peter Caci To 22 Objection to Confirmation of the Debtors' ch.13 filed by Trustee Denise M. Pappalardo. c/s (yms) (Entered: 04/15/2003) |
| 04/15/2003 | 25 | Hearing Scheduled for 5/14/2003 at 10:30 AM at Springfield Court on 22 Objection to Confirmation of the Debtors' Ch.13 Plan filed by Trustee Denise M. Pappalardo. (yms) (Entered: 04/15/2003) |
| 04/16/2003 | 26 | Certificate of Service Re:25 Hearing Scheduled Filed by Trustee Denise M. Pappalardo (yms) (Entered: 04/17/2003) |
| 04/18/2003 | 27 | Hearing scheduled for 5/14/2003 at 10:30 AM Springfield Courtroom |

|            |    |                                                                                                                                                                                                 |
|------------|----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | RE: 21 Motion to Dismiss Case filed by Trustee Denise M. Pappalardo. (yms) (Entered: 04/18/2003)                                                                                                |
| 04/18/2003 | 28 | Court Certificate of Mailing E: 27 Hearing Scheduled. (yms) (Entered: 04/18/2003)                                                                                                               |
| 04/18/2003 | 29 | Certificate of Service Re: 27 Hearing Scheduled Filed by Trustee Denise M. Pappalardo. (yms) (Entered: 04/18/2003)                                                                              |
| 05/13/2003 | 30 | Motion to Withdraw Re: 21 Motion to Dismiss Case Filed by Trustee Denise M. Pappalardo. (ds) (Entered: 05/13/2003)                                                                              |
| 05/13/2003 | 31 | Endorsed Order Regarding 30 Motion to Withdraw Chapter 13 Trustee's Motion to Dismiss. ALLOWED; HEARING ON THIS MATTER SET FOR 5/14/03 IS CANCELED. (ds) (Entered: 05/14/2003)                   |
| 05/14/2003 |    | Hearing Held RE: 22 Objection to Confirmation of the Plan filed by Trustee Denise M. Pappalardo. (sas) (Entered: 05/15/2003)                                                                    |
| 05/14/2003 | 32 | Order Re: 22 Objection to Confirmation of the Plan filed by Trustee Denise M. Pappalardo. WITHDRAWN. (sas) (Entered: 05/15/2003)                                                                |
| 05/17/2003 | 33 | BNC Certificate of Mailing - PDF Document. Service Date 05/17/2003. (Related Doc # 32) (Admin.) (Entered: 05/20/2003)                                                                           |
| 06/12/2003 | 34 | Motion For Order Requiring Counsel Toi The Debtors To Disgorge Fees And To File A Fee Application Filed by Trustee Denise M. Pappalardo. c/s (ds) (Entered: 06/13/2003)                         |
| 06/18/2003 | 35 | Application to Employ Jill A. Gravel of Gravel Real Estate as Real Estate Broker with Affidavit Filed by Debtors Denise Caci and Peter Caci (ds) (Entered: 06/18/2003)                          |
| 06/23/2003 | 36 | Hearing scheduled for 7/11/2003 at 09:30 PM Springfield Courtroom - HJB RE: 34 Motion for Order filed by Trustee Denise M. Pappalardo (ds) (Entered: 06/23/2003)                                 |
| 06/25/2003 | 37 | Certificate of Service Re: 36 Hearing Scheduled 34 Motion for Order Requiring Counsel To The Debtors To Disgorge Fees and To File A Fee Application filed by Trustee Denise M. Pappalardo (ds , ) (Entered: 06/26/2003) |
| 06/30/2003 | 38 | Debtor's in Possession Motion For Order Approving Private Sale of Property of The Estate Free and Clear of Liens and Encumbrances (Expedited Determination Request) Filed by Debtors Denise Caci and Peter Caci (ds) (Entered: 06/30/2003) |

| 06/30/2003 | 39 | Endorsed Order Regarding 35 Application to Employ. DENIED. NO EXTRAORDINARY CIRCUMSTANCES SHOWN FOR LATE FILING OF RETENTION APPLICATION. SEE IN RE JARVIS, 53 F. 3D 416 (1ST CIR. 1995) (ds , ) (Entered: 07/01/2003) |
| --- | --- | --- |
| 06/30/2003 | 40 | Endorsed Order Regarding 38 Motion for Order Approving Private Sale. DENIED WITHOUT PREJUDICE FOR FAILURE TO CONFORM TO LR 2002-5(A) AND LOCAL FORM 2A. THE DEBTOR ALSO FAILS TO STATE SUFFICIENT CAUSE TO WHY THE MOTION SHOULD BE PROCESSED ON AN EXPEDITED BASIS. (ds) (Entered: 07/01/2003) |
| 07/11/2003 | 41 | Order Regarding 34 Motion for Order Requiring Counsel to Debtor to disgorge Fees and file a Fee Application. CONTINUED TO 9/12/03 AT 2:00 PM IN SPRINGFIELD (EVIDENTIARY) ATTORNEY LAFAYETTE IS ORDERED TO FILE A FEE APPLICATION ON OR BEFORE 8/8/03. (ds) Modified on 8/11/2003 Corrected date from 8/12/03 to 9/12/03. (ds). (Entered: 07/14/2003) |
| 07/14/2003 | 42 | Debtors-in-Possession Second Motion For Order Approving Sale of Property 64 Cubles Dr. Brimfield, MA Filed by Debtors Denise Caci and Peter Caci (ds) (Entered: 07/17/2003) |
| 07/14/2003 | 43 | Debtors Motion to Shorten Time For Notice of Intended Sale Deadline to July 30, 2003 Re:42 Motion to Sell Filed by Debtors Denise Caci and Peter Caci (ds) (Entered: 07/17/2003) |
| 07/14/2003 | 44 | Affidavit In Support of 43 Debtor's Motion to Shorten Time For Intended Sale Filed by Debtors Denise Caci and Peter Caci (ds) (Entered: 07/17/2003) |
| 07/14/2003 | 45 | Second Application to Employ Jill A. Gravel of Gravel Real Estate as Real Estate Broker with Affidavit Filed by Debtors Denise Caci and Peter Caci (ds) (Entered: 07/17/2003) |
| 07/25/2003 | 46 | Order Regarding 42 Motion To Sell, 42 Motion To Limit Notice and 45 Application to Employ. AN EMERGENCY HEARING IS SCHEDULED FOR MONDAY, JULY 28, 2003 AT 1:00 PM AT THE FEDERAL BUILDING AND COURTHOUSE, 1550 MAIN STREET, SECOND FLOOR, IN SPRINGFIELD, MA. THE HEARING MAY BE EVIDENTIARY. DEBTORS' COUNSEL, DEBTORS, COUNSEL TO THE UNITED STATES TRUSTEE AND THE CHAPTER 13 TRUSTEE ARE ALL ORDERED TO APPEAR. THE CHAPTER 13 TRUSTEE MAY APPEAR VIA TELEPHONE. COUNSEL TO DEBTOR SHALL NOTICE THIS HEARING BY TELEPHONE AND FAX WHERE APPROPRIATE TO ALL PARTIES OF INTEREST FORTHWITH. THE COURT FURTHER REQUESTS THE APPEARANCE OF CATHERINE |

| | | |
|---|---|---|
| | | FISHER OF GRAVEL REAL ESTATE AT THIS HEARING. (ds , ) (Entered: 07/28/2003) |
| 07/28/2003 | | Hearing scheduled for 7/28/2003 at 01:00 PM Springfield Courtroom - HJB RE: 42 Motion to Sell filed by Debtor Peter Caci and Debtor Denise Caci, 43 Motion to Limit Notice filed by Debtor Peter Caci and Debtor Denise Caci, and 45 Application to Employ filed by Debtor Peter Caci and Debtor Denise Caci (ds) (Entered: 07/28/2003) |
| 07/28/2003 | | Hearing Held RE: 43 Motion to Shorten Time for Notice of Intended Sale, 42 Debtors-in-Possession Second Motion For Order Approving Sale of Property 64 Cubles Dr. Brimfield, MA Filed by Debtors Denise Caci and Peter Caci and 45 Second Motion to Employ filed by Debtor. (ab) (Entered: 07/29/2003) |
| 07/28/2003 | 47 | Order Re: 42 Debtors-in-Possession Second Motion For Order Approving Sale of Property 64 Cubles Dr. Brimfield, MA Filed by Debtors Denise Caci and Peter Caci, 43 Motion to Shorten Time for Notice of Intended Sale and 45 Second Motion to Employ Real Estate Broker. DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS: CONTINUED TO 07/29/03 AT 2:00PM IN WORCESTER. (ab) (Entered: 07/29/2003) |
| 07/29/2003 | 48 | Order Regarding 42 Motion To Sell. SEE ORDER OF EVEN DATE. (ds) (Entered: 08/05/2003) |
| 07/29/2003 | 49 | Order Authorizing Private Sale re: 42 Motion to Sell filed by Debtor Peter Caci and Debtor Denise Caci. (ds) (Entered: 08/05/2003) |
| 08/01/2003 | 52 | Endorsed Order Regarding 45 Second Application to Employ Real Estate Broker. ALLOWED. (ds) (Entered: 08/12/2003) |
| 08/01/2003 | 54 | Endorsed Order Regarding 43 Motion To Limit Notice of Intended Sale. GRANTED PURSUANT TO REMARKS MADE IN OPEN COURT. (ds) (Entered: 08/14/2003) |
| 08/05/2003 | | Hearing Held re: Second Motion of Debtors For Order Approving Private Sale of Property of the Estate Free and Clear. (ds , ) (Entered: 08/05/2003) |
| 08/11/2003 | 50 | Debtors' Emergency Motion to Continue Hearing Re: 34 Motion for Order Filed by Debtors Denise Caci and Peter Caci. (ds) (Entered: 08/11/2003) |
| 08/11/2003 | 51 | Order Regarding 50 Motion To Continue Hearing On 34 Motion For Order. THE EVIDENTIARY HEARING ON THE FEE APPLICATION IN QUESTION IS SCHEDULED FOR 9/12/03 AT |

|            |    |                                                                                                                                                                                                 |
|------------|----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | 2:00 PM IN SPRINGFIELD. (ds) (Entered: 08/11/2003)                                                                                                                                              |
| 08/11/2003 | 53 | Certificate of Service Re: 51 Order Filed by Debtors Denise Caci and Peter Caci (ds , ) (Entered: 08/13/2003)                                                                                   |
| 08/15/2003 | 55 | First Fee Application For Compensation/Order Memorandum of Receipts and Disbursements Statement of Attorney. Filed by Debtors Peter and Denise Caci. c/s (ds , ) (Entered: 08/20/2003)          |
| 08/26/2003 | 56 | Hearing scheduled for 9/12/2003 at 02:00 PM Springfield Courtroom - HJB RE: 55 Application for Compensation filed by Debtor Peter Caci, Debtor Denise Caci (ds) (Entered: 08/26/2003)           |
| 08/26/2003 | 57 | Court Certificate of Mailing. RE: 56 Hearing Scheduled RE: 55. (ds , ) (Entered: 08/27/2003)                                                                                                    |
| 08/29/2003 | 59 | Objection by Ch.13 Trustee To 55 First Fee Application For Compensation Filed by Atty. Francis Lafayette. c/s (yms) (Entered: 09/04/2003)                                                       |
| 09/02/2003 | 58 | Certificate of Service of 56 Hearing Scheduled RE: 55 Application for Compensation filed by Francis Lafayette, Attorney for Debtors. (sas) (Entered: 09/03/2003)                                |
| 09/10/2003 | 60 | Objection by Interested Party United States Trustee Re: 55 Application for Compensation filed by Debtor Peter Caci and Debtor Denise Caci (ds) (Entered: 09/11/2003)                            |
| 09/12/2003 |    | Hearing Held RE: 55 Application for Compensation filed by Debtors' counel Aty. Francis Lafayette. (yms) (Entered: 09/16/2003)                                                                   |
| 09/12/2003 | 61 | Order Re: 55 Application for Compensation and Expenses by Debtors' counel Aty. Francis Lafayette. TAKEN UNDER ADVISEMENT. 9/12/2003. (yms) (Entered: 09/16/2003)                                |
| 09/12/2003 |    | Hearing Held RE: 34 Ch.13 Trustee's Motion For Order Requiring Counsel of The Debtors To Disgorge Fees And To File A Fee Application. (yms) (Entered: 09/16/2003)                               |
| 09/12/2003 | 62 | Order Re: 34 Ch.13 Trustee's Motion For Order Requiring Counsel of The Debtors To Disgorge Fees And To File A Fee Application. TAKEN UNDER ADVISEMENT. 9/12/2003. (yms) (Entered: 09/16/2003)   |
| 09/18/2003 | 63 | BNC Certificate of Mailing - PDF Document. Service Date 09/18/2003. (Related Doc # 61) (Admin.) (Entered: 09/19/2003)                                                                           |

| 09/18/2003 | 64 | BNC Certificate of Mailing - PDF Document. Service Date 09/18/2003. (Related Doc # 62) (Admin.) (Entered: 09/19/2003) |
|---|---|---|
| 09/23/2003 | 65 | Motion to Convert Chapter 13 Case to Chapter 7 filed by Debtors Peter and Denise Caci. (ds) (Entered: 09/26/2003) |
| 09/26/2003 | | Receipt Number 514527, Fee Amount $15.00 RE: 65 Motion to Convert Case to Chapter 7 filed by Debtor Peter Caci and Debtor Denise Caci. (sas) (Entered: 10/03/2003) |
| 10/01/2003 | 66 | Endorsed Order Regarding 65 Motion to Convert Case to Chapter 7. ALLOWED. (ds , ) (Entered: 10/02/2003) |
| 10/08/2003 | 67 | Certificate of Appointment and Acceptance of Trustee and Fixing of Bond (hk, USBC) (Entered: 10/08/2003) |
| 10/08/2003 | | First Meeting of Creditors scheduled on 341(a) meeting to be held on 11/24/2003 at 11:30 AM at Banknorth Center, RM 515, 1441 Main Street, Springfield, MA. Last day to oppose discharge or dischargeability is 1/23/2004. (hk, USBC) (Entered: 10/08/2003) |
| 10/08/2003 | 68 | Court's Notice of 341 sent (hk, USBC) (Entered: 10/08/2003) |
| 10/10/2003 | 69 | BNC Certificate of Mailing - Meeting of Creditors. Service Date 10/10/2003. (Related Doc # 68) (Admin.) (Entered: 10/11/2003) |
| 10/24/2003 | 70 | Order to Update Statement of Intent due 11/24/2003. Post Petition Creditor Due by 11/10/2003. (ds, usbc) (Entered: 10/24/2003) |
| 11/14/2003 | 71 | Response by Debtors Denise Caci and Peter Caci To: 70 Order to Update. (ds, usbc) (Entered: 11/14/2003) |
| 11/14/2003 | 73 | Notice of Post Petition Creditors. (NONE) Filed by Debtors Denise Caci and Peter Caci. (ds, usbc) (Entered: 11/19/2003) |
| 11/17/2003 | 72 | Notice of Rescheduling of Meeting of Creditors Filed by Debtors Denise Caci and Peter Caci (ds, usbc) (Entered: 11/18/2003) |
| 11/24/2003 | | 341 Meeting Not Held, cont. to 11/26/03 @10:00am.(la, USBC) (Entered: 12/11/2003) |
| 12/04/2003 | | Meeting of Creditors Held and Examination of Debtor as scheduled.. (Weiss, Steven) (Entered: 12/04/2003) |
| 12/11/2003 | | Trustee's Report of No Distribution: The trustee reports that he/she has neither received any property nor paid any money on account of |

| | | |
|---|---|---|
| | | this estate except exempt property; that he/she has made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property of the estate; and that there is no property available for distribution from the estate over and above the exempted by law. Pursuant to FRBP 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. The trustee requests that this report be approved, and that he/she be discharged from any further duties as trustee herein. I hereby certify that on this date, the original of this report was filed with the Bankruptcy Court and that a copy was transmitted to the United States Trustee and served upon the debtor(s)' counsel or debtor(s) if pro se. (Weiss, Steven) (Entered: 12/11/2003) |
| 02/20/2004 | 74 | Chapter 13 Trustee's Final Report and Account and Request of Discharge of Trustee. Action Taken: Converted *Prior to Confirmation*. (ZZ-Pappalardo, Denise) (Entered: 02/20/2004) |
| 02/23/2004 | 75 | Order Discharging Debtors Denise Caci and Peter Caci. (sas, usbc) (Entered: 02/23/2004) |
| 02/25/2004 | 76 | Notice of Change of Address Filed by Debtors Denise Caci and Peter Caci (ds, usbc) (Entered: 02/25/2004) |
| 02/25/2004 | 77 | BNC Certificate of Mailing - Order of Discharge. Service Date 02/25/2004. (Related Doc # 75) (Admin.) (Entered: 02/26/2004) |
| 03/18/2004 | 78 | Order Pursuant to 11 U.S.C. Section 350(a), the Court hereby discharges the Chapter 13 Trustee. (ds, usbc) (Entered: 03/19/2004) |
| 03/21/2004 | 79 | BNC Certificate of Mailing - PDF Document. Service Date 03/21/2004. (Related Doc # 78) (Admin.) (Entered: 03/22/2004) |
| 05/24/2004 | 80 | Transcript Of Hearing Held On September 12, 2003 RE: 34 Motion Of Chapter 13 Trustee For Order Requiring Counsel To Debtor To Disgorge Fees; 55 Application Of Francis Lafayette For Compensation And Expenses As Counsel To Debtor. (lc, usbc) (Entered: 05/24/2004) |
| 06/10/2004 | 81 | Memorandum of Decision Dated June 10, 2004 Regarding 34 Motion For Order Requiring Counsel To The Debtors To Disgorge Fees And To File A Fee Application Filed by Trustee Denise M. Pappalardo and 55 First Fee Application for Compensation filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 82 | Order Dated June 10, 2004 Regarding 34 Motion For Order Requiring Counsel To The Debtors To Disgorge Fees And To File A Fee Application Filed by Trustee Denise M. Pappalardo and 55 First |