

```
            United States District Court
            For District of Massachusetts

            CASE NO. 3:04-cv-30157-MAP

            Bankruptcy Case No. 02-47249-HJB

            IN RE: PETER CACI AND DENISE CACI,
                        Debtors
```

****************************************************

```
            Peter Caci and Denise Caci,

                      Appellant

                         v.


                 United States Trustee
                  Chapter 13 Trustee

                      Appellee
```

*****************************************************************
**REPLY BRIEF OF APPELLANT
FRANCIS LAFAYETTE**

### I. STATEMENT OF ISSUE

Whether the bankruptcy court's order of July 8, 2004 denying the late filing of an appeal was an abuse of discretion given that the late filing was not caused by excusable neglect.

### II. STATEMENT OF THE CASE AND FACTS

At page 4 of the Brief of Appellee, Denise Pappalardo, the Chapter 13 Trustee's Argument begins with an assumption that the filing of the an appeal two days late was not caused by excusable neglect and therefore the denial of the motion to allow late filing of the appeal was not an abuse of discretion.

There is no dispute that a "request to extend the time for filing a notice of appeal . . . may be filed not later than 20 days after the expiration of the time for filing a notice of appeal upon the showing of excusable neglect" Fed. R. Bank. P. 8002(c)(2).

The trustee argues that during the period June 10, 2004 through June 21, 2004 that "Attorney Lafayette appeared before the bankruptcy court on five (5) separate hearings.

The hearings which the trustee refers to are (1) a trustee's motion to dismiss case in In Re: Francisco M. Alves; 04-41049H; Chapter 13 Trustee's Motion To Dismiss which was scheduled for 9:30 A.M. on June 16, 2004[1]; (2) In Re: Le Gia Luu; 04-40579; Chapter 13 Trustee's Motion for Order Dismissing Case which was scheduled for 9:30 A.M. on June 16, 2004[2]; (3) In Re: Betsy Ann

---

[1] The docket in this case reads, in part, "06/16/2004  38  Order dated 6/16/04 Regarding [13] Chapter 13 Trustee's Motion for Order Dismissing Case. WITHDRAWN. (ds, usbc)"

[2] The docket reads: "06/16/2004  63  Order dated 6/16/04 RE: [43] Chapter 13 Trustee's Motion for Order Dismissing Case. GRANTED. (ps, usbc)"

Mihalski; 03-46471; which was scheduled for June 16, 2004 at 10:00 a.m. on a Motion for Relief from Stay of Creditor The Bank Of New York;[3] (4) In Re: Ronald C. Harris, and Linda G. Harris a hearing scheduled for June 16, 2004 at 10:00 a.m. on a Motion for Relief from Stay Re: filed by Creditor Bank One, National Association[4]; and (5) In Re: Holly S. Kelly which was hearing scheduled on June 16, 2004 at 10:30 a.m. Springfield Courtroom - HJB RE: [33] Motion for Relief from Stay in Rem Re: 54 Althea St., West Springfield, MA. Filed by Creditor Bank One, N.A.[5]

The truth of the matter is that Attorney Lafayette appeared before the bankruptcy court on June 16, 2004 between the hours of 9:30 a.m. to 10:30 a.m. Even allowing for travel time to and from his office in Palmer, Massachusetts the total time for the five hearings upon which the Chapter 13 Trustee based her opposition is approximately two (2) hours of time.

In the same fashion the Chapter 13 Trustee's argument that Attorney Lafayette filed electronically eighty three (83) pleadings is a bit misleading. The attached affidavit of Jacki Coyer who is a paralegal/legal assistant, who was trained by the bankruptcy court in CM/ECF electronic filing actually filed 50 of

---

[3] The docket states: "06/16/2004 18 Order Dated 6/16/04 Re: [13] Motion for Relief from Stay Re: 193 Draper St., Springfield, MA Filed by Creditor The Bank Of New York. REPORTED SETTLED; STIPULATION SHALL BE FILED WITHIN 14 DAYS. (ab, usbc)"

[4] The docket reflects as follows: 06/16/2004 Hearing Held and Continued. Hearing scheduled for 7/14/2004 at 09:30 AM Springfield Courtroom - HJB RE: [26] Motion for Relief from Stay Re: 125 White St., Springfield, MA Filed by Creditor Bank One, National Association. (ps, usbc)

[5] The docket reflects: "06/16/2004 39 Order dated 6/16/04 RE: [33] Motion for Relief from Stay in Rem Re: 54 Althea St., West Springfield, MA. Filed by Creditor Bank One, N.A. CONTINUED TO JULY 14, 2004 AT 10:00AM IN SPRINGFIELD. (ps, usbc)"

the 84 pleadings. It is important to note that of the thirty three (33) pleadings filed by Attorney Lafayette, same represented twenty nine (29) client cases and Ms. Coyer filed pleadings electronically for 20 of the 29 client filings.[6]

The second part of the Chapter Trustee's argument is that the "tactic of using infirmities" "of alleged ailments" while "actively engaged in the practice of law before the bankruptcy court is" as noted above, a bit misleading as the time period before the bankruptcy court was approximately two (2) hours in court and travel time to and from Palmer, MA on June 16, 2004.

The US Trustee's brief argues at page 5 that "the court expressed skepticism that illness had prevented him from timely perfecting his appeal of the June 10, 2004 order". The US Trustee then argues that Attorney could not have been incapacitate because he "filed 83 pleading" and attended five (5) hearings on July 16, 2004 (sic)[7]. As noted above the hearings were of very short duration in time period from 9:30 a.m. to 10:30 a.m.

The US Trustee incorrectly states a date of May 3, 2003 as a date of hospitalization. The correct date of hospitalization was May 3, 2004. This was the first time that Appellant was diagnosed with diabetes. During the five week period following the hospitalization/diagnosis of diabetes, Appellant was placed on a medication called IC Glyburide 5MG, however the medication

---

[6] See Attached Exhibit "A" Affidavit of Jacki Coyer

[7] The date was June 16, 2004, not July 16, 2004.

did not control the diabetes.

The truth of the matter is that the Appellant during the period of June 10, 2004 to June 21, 2004 was incapacitated and at home for most of the time period in question.

In addition the Appellant has a separate disability which was diagnosed as Charcot-Marie-Tooth Disease later diagnosed as polyneuropathy, a condition which, because of sever pain, is in and of itself disabling.[8]

The U.S. Trustee argues that Appellant "did not explain why he failed to act". The Appellant believes his original motion to extend and the brief of Appellant as filed with this court set forth that both diabetes and polyneuropathy caused a disability which prevented a timely filing of the appeal.

Appellant requests the court granted the Appellant's motion to extend time to file a notice of appeal, as the effects of two disabilities constituted "excusable neglect". While the motion or the actual notice of appeal should have been timely filed regardless of how ill counsel was, this should not be considered to outweigh all the other factors, which favored finding "excusable neglect".

WHEREFORE, Francis Lafayette, requests that the Court reverse the bankruptcy court's order denying the motion to late file appeal as the medical facts establish that the two disabilities of diabetes and polyneuropathy.

---

[8]  Because of this disability, the Commonwealth of Massachusetts has issued Appellant a disabled person's parking placard.

Respectfully

*[signature]*

Francis Lafayette, J. D.
1024 Park Street
Post Office Box 1020
Palmer, MA 01069
(413) 283-7785
BBO# 282960

## Certificate of Service

I, Francis Lafayette, J. D., certify that I caused a copy of the foregoing motion to be served upon the parties shown below by mailing a copy of the same, postage prepaid, first class mail on November 3, 2004 to:

Denise M. Pappalardo
Chapter 13 Trustee
Denholm Building
P. O. Box 16607
Worcester, MA 01601

UNITED STATES TRUSTEE
446 Main Street
14th Floor
WORCESTER, MA 01608

Eric K. Bradford, Esq.
Office of The United States Trustee
Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street, Room 1184
Boston, MA 02222

Respectfully

*[signature]*

Francis Lafayette, J. D.